## NATIONAL ASSOCIATION OF NURSES, Local No. 79

v.

## STATE of Rhode Island.

No. 91–613–Appeal.

Supreme Court of Rhode Island.

Oct. 1, 1992.

John R. Mahoney, Baluch, Mahoney & Gianfrancesco, Charles D. Wick, Pearlman & Wick, Providence, for petitioner.

John Turano, Dept. of Admin., Providence, for respondent.

OPINION

PER CURIAM.

This matter was heard before a panel of the Supreme Court pursuant to an order issued directing both parties to appear and show cause why the issues raised in this appeal should not be summarily decided. In this case the plaintiff, National Association of Nurses, Local No. 79, had appealed from a Superior Court denial of its motion to confirm an arbitration award.

In this case an arbitrator had rendered an award in favor of plaintiff union that required defendant employer to reimburse any of plaintiff's members who suffered monetary losses as a result of defendant's reduction in payments made to its members. The plaintiff moved to confirm the award, and defendant moved to vacate it. Although defendant's motion to vacate was denied as untimely filed, defendant's objection to the award was nevertheless presented to the court under the provisions of G.L.1956 (1986 Reenactment) § 28–9–21. The trial justice denied plaintiff's motion to confirm, holding that the arbitrator had so imperfectly executed her powers that she failed to render a definite and final award as set forth in § 28–9–18(a)(2).

On appeal, plaintiff argues that the trial justice erroneously referred to the wrong collective-bargaining agreement when reviewing the arbitrator's decision and award, thereby retroactively applying G.L. 1956 (1990 Reenactment) § 36–4–64 to an agreement that pre-existed the enactment of the statute.

After reviewing the record and the memoranda submitted by the parties, and after hearing their counsel in oral argument, the court is of the opinion that cause has not been shown.

There were two collective-bargaining agreements in existence. One is the 1986–89 contract which the union refers to as the "applicable" agreement. The other agreement, referred to by the union as the "successor" agreement began to run from September or October of 1989. Because § 36–4–64 took effect on July 1, 1989, and because the successor agreement was not negotiated until after that date, there is no question that § 36–4–64 applies to the successor agreement.

Section 13.8 of the applicable agreement provides that "[w]henever an employee shall be absent from his duties and receiving compensation as provided in the Workers' Compensation Laws, he shall be granted sick leave in accordance with the rules applicable thereto, in an amount not to exceed his regular compensation." The same provision appears in the successor agreement.

Prior to July 1, 1989, an employee who was receiving workers' compensation benefits was entitled to discharge sick leave or vacation time in order to supplement the workers' compensation benefits to 100 percent of salary. Section 36–4–64 reduced the amount to 83.3 percent of salary. The trial justice addressed only the successor agreement in holding that § 36–4–64 applies to and limits section 13.8 of the agreement. In regard to the successor agreement, the trial justice was correct.

In granting the award to the union, the arbitrator held that § 36–4–64 did not affect the applicable agreement because there was no substantial evidence to indicate that the words "rules applicable thereto" used in section 13.8 of the agreement were understood by the parties to mean laws passed by the General Assembly. In that position the arbitrator is supported by the general legal principle that "statutes and their amendments are given prospective application" and that "[c]ourts will only give retrospective application to a statute when the Legislature, by express language or necessary implication, manifests its intent that the statute be given retrospective application." *Wayland Health Center v. Lowe*, 475 A.2d 1037, 1040–41 (R.I.1984).

There was no evidence that the arbitrator exceeded her authority with respect to the applicable contract. The award "draws its essence" from the contract. It is based upon a "passably plausible" interpretation of the contract, and therefore, it is within the arbitrator's authority.

For these reasons the plaintiff's appeal is sustained, the order appealed from is reversed and the papers of the case are remanded to the Superior Court with direction that a judgment enter confirming the arbitrator's award.

MURRAY, J., did not participate.